IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



**DALE L. SPARROW,**

      Petitioner,

v.                             Civil Action No. **3:15CV220**

**DIRECTOR VA DEPT. OF CORRECTIONS,**

      Respondent.

## MEMORANDUM OPINION

Dale L. Sparrow, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 (hereinafter, "§ 2254 Petition," ECF No. 1) challenging his convictions in the Circuit Court of the City of Portsmouth, Virginia (hereinafter, "Circuit Court"). Respondent moves to dismiss on the ground that, *inter alia*, the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. Sparrow has responded. For the reasons set forth below, the Motion to Dismiss (ECF No. 13) will be GRANTED.

## I. PROCEDURAL HISTORY

Sparrow was convicted of two counts of robbery, two counts of abduction, armed statutory burglary, and five counts of use of a firearm in the commission of those felonies. (ECF No. 15-2, at 1.) The Circuit Court sentenced Sparrow to an active term of forty-five years of imprisonment. (*Id.* at 1-2.) Sparrow appealed. On September 24, 2013, the Supreme Court of Virginia refused Sparrow's petition for appeal. *Sparrow v. Commonwealth*, No. 130664, at 1 (Va. Sept. 24, 2013).

On August 1, 2013, during the pendency of his direct appeal, Sparrow filed his first petition for a writ of habeas corpus in the Circuit Court. Petition for Writ of Habeas Corpus at 1,

*Sparrow v. Commonwealth*, No. CL13-2614 (Va. Cir. Ct. filed Aug. 1, 2013).  On October 4,

2013, the Circuit Court denied the petition on the merits.  *Sparrow v. Commonwealth*, No. CL13-

2614, at 4 (Va. Cir. Ct. Oct. 4, 2013).

On September 26, 2014, Sparrow filed a second petition for a writ of habeas corpus in the

Supreme Court of Virginia raising similar claims as those raised in the instant § 2254 Petition.

*See* Petition for Writ of Habeas Corpus at 1, 7-20, *Sparrow v. Wright*, No. 141425 (Va. filed

Sept. 26, 2014).  On December 2, 2014, the Supreme Court of Virginia dismissed the petition as

successive pursuant to section 8.01-654(B)(2) of the Virginia Code.  *Sparrow v. Wright*,

No. 141425, at 1 (Va. Dec. 2, 2014) (citing Va. Code Ann. § 8.01-654(B)(2).

On March 24, 2015, Sparrow filed his § 2254 Petition with this Court.[1]  In his § 2254

Petition, Sparrow asserts the following claims for relief:

Claim One:  "Trial counsel denied Petitioner effective assistance of counsel by failing to present a duress defense." (§ 2254 Pet. 7.)[2]

Claim Two:  "Trial counsel was constitutionally ineffective by failing to preserve issues for trial." (*Id.* at 13.)

Claim Three:  "Trial counsel was constitutionally ineffective by failing to argue the evidence the court used to convict petitioner." (*Id.* at 15.)

Claim Four:  "Trial counsel failed to present available mitigating evidence." (*Id.* at 19.)

Claim Five:  "Trial counsel failed to conduct investigations." (*Id.* at 22.)

Claim Six:  "Appellate counsel was constitutionally ineffective for failing to argue the Ends of Justice exceptions." (*Id.* at 24.)

Claim Seven:  "The convictions of both abduction with the underlying robbery convictions served to subject the petitioner to double jeopardy as they

---

[1] This is the date that Sparrow states that his § 2254 Petition was deposited in the prison mailing system (*see* ECF No. 1, at 37), and the Court deems this as the date the § 2254 Petition was filed. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

[2] The Court corrects the punctuation and spelling in the quotations from Sparrow's submissions. The Court omits the emphasis in the quotations from Sparrow's submissions.

were insufficient of law to establish separate and apart from crimes." (*Id.* at 28.)

## II. ANALYSIS

### A.    Statute of Limitations

Respondent contends that the federal statute of limitations bars Sparrow's claims.

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28

U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of

habeas corpus by a person in custody pursuant to the judgment of a state court.  Specifically, 28

U.S.C. § 2244(d) now reads:

1.    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
   (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
   (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
2.    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### B.    Commencement and Running of the Statute of Limitations

Sparrow's judgment became final on Monday, December 23, 2013, when the time to file

a petition for a writ of certiorari expired.  *See Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002)

("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); *see* Sup. Ct. R. 13(1) (petition for certiorari should be filed within ninety days of entry of judgment by state court of last resort or of the order denying discretionary review). The limitation period began to run on December 24, 2013, and continued to until run for 276 days until Sparrow filed his second state petition for a writ of habeas corpus in the Supreme Court of Virginia on September 26, 2014. *See* 28 U.S.C. § 2244(d)(2).

## C. Statutory Tolling

The limitation period remained tolled until the Supreme Court of Virginia denied the habeas petition as successive on December 2, 2014. The limitation period began to run again on December 3, 2014 and expired eighty-nine days later on Monday, March 2, 2015. Sparrow failed to file his § 2254 Petition by that date. Rather, Sparrow filed his § 2254 Petition 22 days after the statute of limitations expired. Accordingly, the § 2254 Petition is barred unless Sparrow demonstrates entitlement to a belated commencement of the limitation period under 28 U.S.C § 2244(d)(1)(B)-(D) or some equitable exception to the limitation period. Sparrow argues that his § 2254 Petition is timely because the limitation period should be equitably tolled due to lack of access to the law library and assistance from another inmate. (Reply ¶¶ 6-7, ECF No. 17.)[3] As explained below, Sparrow's argument is not persuasive.

---

[3] Sparrow does not argue that he is entitled to a belated commencement. Even if the Court were to construe him to argue that his petition is timely under 28 U.S.C. § 2244(d)(1)(B), due to a state-created impediment "in violation of the Constitution or the laws of the United States," this argument would fail. To delay the running of the statute of limitations, § 2244(d)(1)(B) requires: (1) state action that both (2) violated the Constitution or laws of the United States and (3) prevented the prisoner from filing a habeas petition. *Ocon-Parada v. Young*, No. 3:09cv87, 2010 WL 2928590, at *2 (E.D. Va. July 23, 2010) (citing *Johnson v. Fla. Dep't of Corr.*, 513 F.3d 1328, 1331–32 (11th Cir. 2008)). First, the institution's denial of his request to access another inmate for assistance or the law library does not amount to a state-created impediment in violation of federal laws. *See id.* at *4 (citation omitted) (explaining that failure to provide legal

### D.    Equitable Tolling

Sparrow claims that he is entitled to equitable tolling because he was "deni[ed] . . . access

to the law library and assistance with [his] habeas filing." Sparrow explains, in sum:

> When I twice requested, during the month of January 2014 alone, to either go to
> the law library or receive assistance from one "trained in the law," I was informed
> that neither request would be allowed due to my classification at the institution.
> The remedy of a scheduled appointment to the institutional attorney was not
> helpful because when I was finally scheduled, I was then transferred to another
> institution. My time at Nottoway was more than the 23 days I am asking to be
> tolled to allow consideration of this petition.

(*Id.* ¶ 7.) Sparrow attached the two library requests dated January 3 and 5, which reveal that he

desired to obtain help from an inmate in another building. (ECF No. 17-1, at 1-2.) Those

requests were denied on January 9 and 15, and Sparrow was informed that he could submit a

request to meet with the institutional attorney. (*See id.* at 1-2.)

The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling'

only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some

extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*,

560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). An inmate

asserting equitable tolling "'bears a strong burden to show specific facts'" that demonstrate he

---

assistance for inmates does not violate the constitution because no right to counsel exists in
either state or federal habeas); *Engel v. Clarke*, No. 3:12CV586, 2014 WL 2157616, at *4 (E.D.
Va. May 23, 2014) (internal quotation marks omitted) (citations omitted) (explaining that no
"abstract, freestanding right to a law library or legal assistance exists;" thus, an inmate must
show that the lack of either violated his constitutional right to access to the courts). Second,
Sparrow fails to demonstrate that his failure to access a particular inmate or the law library
prevented him from timely filing his federal petition. Sparrow fails to explain with specificity
how any alleged deficiencies actually hindered his efforts to pursue his claims within the statute
of limitations. *See Mayes v. Province*, 376 F. App'x 815, 816-17 (10th Cir. 2010) (citations
omitted); *accord Finch v. Miller*, 491 F.3d 424, 427 (8th Cir. 2007); *Potter v. United States*, Nos.
1:03cr595, 1:06cv157, 2007 WL 749674, at *4 (E.D.Va. Mar. 5, 2007) (citation omitted)
(rejecting petitioner's claims that his placement in a holding facility for four months and his
subsequent relocation to an institution with no access to legal materials or jailhouse lawyers
constituted an unconstitutional government-created impediment).

fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). Generally, the petitioner is obliged to specify "'the steps he took to diligently pursue his federal claims.'" *Id.* at 930 (quoting *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.1998)). As explained below, Sparrow has not demonstrated that an extraordinary circumstance prevented him from filing his § 2254 Petition in a timely manner. *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000) (observing that a petitioner is required "to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances" (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Fisher v. Johnson*, 174 F.3d 710, 716 (5th Cir. 1999))). Instead, the record shows that Sparrow's lack of diligence, rather than the circumstances of his incarceration, led to the delay in filing his § 2254 Petition.

The Supreme Court of Virginia denied Sparrow's habeas petition on December 2, 2014. Sparrow's requests to have assistance from another inmate or to visit the law library were made and denied between January 3, and January 15, 2015. Sparrow, however, fails to state what actions, if any, he took to pursue his federal claims in the days following the denial of his state habeas petition on December 2, 2014, or after January 15, 2015 following the denial of his requests by the institution. This alone forecloses Sparrow's entitlement to equitable tolling. *Yang*, 525 F.3d at 930 (citation omitted); *Roberts v. Watson*, 697 F. Supp. 2d 646, 653 (E.D. Va. 2010) ("Unexplained delays in filing petitions do not demonstrate diligence on the part of

petitioner in pursuing his rights" (citing *Pace*, 544 U.S. at 419; *Spencer v. Sutton*, 239 F.3d 626, 630 (4th Cir. 2001))).[4]

Next, Sparrow fails to demonstrate the existence of an extraordinary circumstance that prevented him from timely filing his § 2254 Petition. To the extent Sparrow suggests that he was not allowed to have "legal" assistance from a particular inmate or was prevented from visiting the institutional attorney by his transfer, the mere absence of legal assistance is not an extraordinary circumstance. *See Ocon-Parada*, 2010 WL 2928590, at *8 (citations omitted). Moreover, generally, "'[t]ransfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances.'" *Allen v. Johnson*, 602 F. Supp. 2d 724, 727–28 (E.D. Va. 2009) (alteration in original) (footnote omitted) (quoting *Warren v. Kelly*, 207 F. Supp. 2d 6, 10 (E.D.N.Y. 2002)). The inability to access a particular inmate during less than two weeks of January 2015 and restricted access to the law library amounts to no extraordinary circumstance. Sparrow's later transfer on an unspecified date also fails to excuse his tardy filing. *See id.*

Finally, Sparrow fails to allege specific facts that show that a lack of access to the law library or the institution's denial of his request to meet with another inmate prevented him from timely filing his § 2254 Petition. *See O'Neill v. Dir., Va. Dep't. of Corr.*, No. 3:10cv157, 2011 WL 3489624, at *6 (E.D. Va. Aug. 9, 2011) (citing cases). The claims in his § 2254 Petition are nearly identical to the claims he raised in his state habeas petition which he prepared and filed in 2014. Sparrow provides no explanation as to what more he needed and did not have that prevented him from timely filing his § 2254 Petition. Sparrow fails to explain with specificity how any of the alleged deficiencies actually hindered his efforts to pursue his claims within the

---

[4] Sparrow fails to specify any efforts he made to pursue his grounds for habeas relief in the 276 days immediately following his conviction prior to the filing of his second state habeas petition.

7

statute of limitations. "Simply put, [Sparrow] fails to demonstrate some external impediment, rather than his own lack of diligence, prevented him from filing a habeas petition in a timely fashion." *O'Neill*, 2011 WL 3489624, at *6; *cf. Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc).[5]

Because Sparrow fails to demonstrate that some extraordinary circumstance, rather than his own lack of diligence, prevented him from filing in a timely manner, the statute of limitations bars the § 2254 Petition.

### III.   CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 13) will be GRANTED. Sparrow's § 2254 Petition will be DENIED. The action will be DISMISSED. The Court will deny a certificated of appealability.[6]

An appropriate Final Order shall issue.

Date:   DEC 15 2015
Richmond, Virginia

_____ /s/
Roderick C. Young
United States Magistrate Judge

---

[5] Equitable tolling does not excuse Sparrow from complying with the statute of limitations simply because he tried and came close to filing within limitation period. The petitioner must give some account for each day he filed beyond the limitation period. In *Rouse*, the Fourth Circuit held that petitioner, under sentence of death, who filed his § 2254 petition one day late was untimely as he had "not shown any extraordinary circumstances beyond his control that prevented him from complying with the statute of limitations." *Rouse*, 339 F.3d at 241. Here, Sparrow fails to specify adequately what steps he took between December 2, 2014 and the date that he filed his § 2254 Petition to demonstrate that he diligently pursued his rights.

[6] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Sparrow fails to meet this standard.